CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 1 2 2021

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Roanoke Division

CHARLES E. ZELLERS, SR.,
　　　　　Plaintiff,

-v-

Case No. 721cv00393
Hon.

RALPH S. NORTHAM, BRIAN J. MORAN, HAROLD W. CLARKE, JAMES PARKS, JOHN A. WOODSON, PAUL C. OHAI, MS. P. BLAND, C/O MS. L. WOODSON, JOHN DOE T/O #s 1-14, JANE DOE T/O # 1, JOHN DOE SUP #s 1-9, JOHN DOE NURSE, JOHN DOE I/P # 1, JOHN DOE I/P # 2, and TAMMY WILLIAMS, are being sued in their individual and official capacities,
　　　　　Defendants.

## COMPLAINT WITH JURY DEMAND

*Introduction*

1. This is a Civil Rights Complaint filed by Charles E. Zellers, Sr., a state prisoner, seeking DECLARATORY RELIEF, INJUNCTIVE RELIEF, COMPENSATORY and PUNITIVE DAMAGES, authorized by 42 U.S.C. § 1983, alleging that the Defendants allegedly acted and continue to act objectively and subjectively with deliberate indifference in violation of the Plaintiff's First, Fourth, Eighth and Fourteenth Amendment Rights that are protected by the U.S. Constitution (among others and acts). The Plaintiff alleges that Defendants did and are in violation of the following: denying him access to a telephone while hospitalized which allegedly

violated Plaintiff's right to counsel, right to intimate association, bodily privacy, personal safety from infectious disease, officers failed to report his serious medical needs, not providing Post-COVID-19 medical examinations, screening, aftercare or treatment plan, protect his due process rights, equal protection/treatment of laws, ex post facto, intentional discrimination, recklessness, cruel and unusual punishment, assaults which "Shock the Conscience" and dehumanizing, humiliating, uncomfortable situation, pattern of excessive use of force using overly tight metal mechanical restraints, failure to protect, failure to act, inadequate hygiene, safety and sanitation practices, double bunking leading to overcrowding and unsanitary conditions, unjustified, unnecessary and wanton infliction of pain, understaffing combined with multiple other violations, being viewed on a monitor while bathing, showering, using a toilet or laying in bed, by both male and female officers, and not permitting inmate patients that are housed in certain hospitals to send and/or receive U.S. mail or to communicate with their loved ones over the telephone or through emails. The Plaintiff has been paying the debt for his crime(s) for approximately 30 consecutive years with an excellent behavior and institutional record and he shouldn't have to continue to pay in an unprotected and unsafe prison with his health and life since he does retain a constitutional right to be protected and to have safe conditions while in prison. He also alleges that the Defendants and their unconstitutional policies, deliberately and systematically places his health and life at risk daily and they continue to do so which demonstrates deliberate indifference since they knew of the risk and purposely and recklessly disregarded the virulent coronavirus risk of harm failing to protect him during the worse epidemiological disaster in the VADOC History and the continual threat is still apparent. Respect for human dignity animates the Eighth Amendment prohibition against cruel and unusual punishment which is the basic concept underlying this amendment and is nothing less than the

dignity of man.

*Jurisdiction and Venue*

2. The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343. The Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. §§ 2283, 2284 and Rule 65 of the Federal Rules of Civil Procedure.

3. The Western District – Roanoke Division is an appropriate venue under 28 U.S.C. § 1391(b)(2) because the majority of the events giving rise to these claims occurred in Buckingham County at:

**Buckingham Correctional Center (BKCC)**
**1349 Correctional Center Road**
**Post Office Box 430**
**Dillwyn, VA 23936**

*Parties*

4. The Plaintiff, Charles E. Zellers, Sr., is and was at all times mentioned herein a prisoner of the State of Virginia in the custody of the Virginia Department of Correction's (VADOC's). He is currently confined in Buckingham Correctional Center (BKCC), in Dillwyn, VA 23936. See the addresses below for the hospitals that he was housed in and the dates that he was housed in during the events in this complaint:

**MCV Hospitals and Physicians (VCU Hospital)**
**1300 East Marshall Street**
**Richmond, VA 23298**

**Southampton Memorial Hospital (Bon Secours Health System)**
**100 Fairview Drive**
**Franklin, VA 23851**

05/26/20 to 06/04/20 at BKCC;
06/04/20 to 09/01/20 at VCU Hospital;
09/01/20 to 09/03/20 at BKCC;
09/03/20 to 11/13/20 at Bon Secours Health System; and
11/13/20 to current date at BKCC.

5. Defendant, Ralph S. Northam, Patrick Henry Building, 3rd Floor, 1111 East Broad Street, Richmond, VA 23219, is the current Governor of Virginia and is legally responsible for all government agencies and departments within the Commonwealth. The Virginia Parole Board members currently receive their orders from the Defendant, Governor Ralph S. Northam.

6. Defendant, Brian J. Moran, Post Office Box 1475, Richmond, VA 23218, is the Secretary of Public Safety and Homeland Security and is responsible to Defendant, Governor, Ralph S. Northam for the safety of all people in the Commonwealth of Virginia including those housed within the Virginia Department of Correction's (VADOC's).

7.  Defendant, Harold W. Clarke, 6900 Atmore Drive, Richmond, VA 23225, is the Director of the Virginia Department of Correction's (VADOC's). Under the authority of the Code of Virginia § 53.1-8, he answers to the Governor of Virginia who also is a Defendant in this case and is legally responsible for the overall operation of the Virginia Department of Correction's (VADOC's) and each institution under its jurisdiction, including Buckingham Correctional Center (BKCC). He is to have collected and tabulated the demographic characteristics of adults and juveniles who are adjudicated as adults, incarcerated in state correctional institutions, including but not limited to, the race or ethnicity, age, gender, and the types of an extent to which health-related problems are prevalent among such persons and present the data to the Governor and Virginia General Assembly quarterly at each regular session of the General Assembly.

8. Defendant, James Parks, 6900 Atmore Drive, Richmond, VA 23225, is the Director of Offender Management for the Virginia Department of Correction's (VADOC's) and is responsible for the Offender Management Services (OMS) in managing the "Decision Process of Releasing Prisoners" under the direction of the VADOC Director, Harold W. Clarke.

9. Defendant, John A. Woodson is the Warden of Buckingham Correctional Center (BKCC), and is legally responsible for the operation of BKCC and for the welfare of all prisoners and staff at that facility. He acts under the authority of Harold W. Clarke, Director of the Virginia Department of Correction's (VADOC's).

10. Defendant, Paul C. Ohai, at all relevant times was and still is a Medical Doctor employed by Buckingham Correctional Center (BKCC).

11. Defendant, Ms. P. Bland, at all relevant times was and still is a Registered Nurse who oversees the daily operations of the BKCC Medical Department employed by Buckingham Correctional Center (BKCC).

12. Defendant, Correctional Officer (C/O) Ms. L. Woodson, at all relevant times was and still is a C/O employed by Buckingham Correctional Center (BKCC) and her direct supervisor was John Doe SUP # 2.

13. Defendant, John Doe Nurse, was an ICU Nurse employed by VCU Hospital (MCV Hospitals and Physicians), located at 1300 East Marshall Street, Richmond, VA 23298, sometime between Saturday, June 20, 2020 to Monday, July 20, 2020, in addition he formally served in the U.S. Air Force.

14. Defendants, John Doe I/P # 1 and John Doe I/P # 2, at all relevant times were Interventional Pulmonology (I.P.) Doctors employed at VCU Hospital (MCV Hospitals and Physicians), located at 1300 East Marshall Street, Richmond, VA 23298, sometime between Saturday, July 25, 2020 to Friday, August 14, 2020.

15. Defendants, John Doe T/O #s 1 – 13 at all relevant times were C/Os employed by Buckingham Correctional Center (BKCC) and on the day(s) relevant herein each were assigned as a Transportation Officer (T/O).

16. Defendant, Jane Doe T/O # 1, at all relevant times was a C/O employed by Buckingham Correctional Center (BKCC) and on the day(s) relevant herein was assigned as a Transportation Officer (T/O).

17. Defendants, John Doe SUP #'s 1 - 9 at all relevant times were supervisors (SUPs) employed by Buckingham Correctional Center (BKCC).

18. Defendant, Tammy Williams, was the Warden of Deerfield Correctional Center, 21360 Deerfield Drive, Capron, VA 23829, and was in charge of the VADOC Secure Medical Unit inside Bon Secours Health System.

19. Defendant, John Doe # 14 was the Warden at MCV/VCU Hospital while the Plaintiff was housed there and can be reached at 6900 Atmore Drive, Richmond, VA 23225.

20. All State Defendants were acting under Color of State Law at all times relevant to this complaint and are being sued individually and in their official capacity.

21. Witness, C/O Ms. F. Carr, at all relevant times to this complaint was a C/O employed by BKCC and her direct supervisor was John Doe SUP # 1. C/O Ms. F. Carr, is not listed as a Defendant because like the Plaintiff, she too was a victim having her rights violated by the Defendants not protecting her or providing her a safe place to work which showed deliberate indifference from her supervisor and those up the chain of VADOC's command who failed to protect both of us from the deadly coronavirus.

22. Witnesses, John Doe EMT #s 1, 2 & 3 and Jane Doe EMT #s 1, 2 & 3 at all relevant times were "Emergency Medical Technicians" employed by an ambulance service which transported prisoners, including the Plaintiff to and from BKCC and to an assortment of hospitals when needed and it is believed that their company is based in Dillwyn, VA.

*Facts*

**CLAIM 1:**

23. The Plaintiff alleges and incorporates by reference paragraph 24.

24. On Sunday, April 26, 2020, and on numerous other occasions, the COVID-19 virus problem was sent to Defendants, Ralph S. Northam, Brian J. Moran and Harold W. Clarke, and asked them to release parole eligible prisoners so that they won't get seriously injured or possibly die and neither acted in a reasonable manner to get prisoners with underlying medical conditions who could possibly be permanently disabled (as the Plaintiff) or killed like the four (4) men who were housed at BKCC. The Eighth Amendment forbids exposure of prisoners to conditions that pose an unreasonable risk of serious damage to [their] future health and the Defendants showed deliberate indifference which violated the Plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution. He stayed in the ICU for approximately two months fighting for his life. It is a miracle that he lived because most

that went through what he did - didn't live.  On Wednesday, September 2, 2020, C/O Ms. F. Carr told the Plaintiff that he contracted COVID-19 from her on Tuesday, May 26, 2020.

CLAIM 2:

25. The Plaintiff alleges and incorporates by reference paragraph 26.

26. Defendant, Ralph S. Northam's COVID-19 Early Release Plan, violated the Plaintiff's right to be protected while incarcerated and he discriminated against the Plaintiff himself or through his directives about who to Grant a parole release or conditional pardon to and it was not done fairly because if parole eligible people have certain offenses they will not be released on parole even though their merits are extraordinary. Some have even been incarcerated fifty (50) or more years ago. Please see below the criteria which is almost impossible for most "old-law" prisoners to meet and the VADOC officials knew it from viewing their compiled data.

a.) have less than one year remaining in their sentences (under a calculation taking into account their "Good Time Rewards");

b.) have not been convicted of a Class 1 felony (VA. Code § 18.2-31) or a "Sexually Violent Offense" (VA. Code § 37.2-900);

c.) have a viable "Home Plan;"

d.) have a "Good Time Earning Level" of I or II;

e.) do "Not" have an active detainer; and

f.) have a "Medium or Low Risk" of recidivism according to COMPAS a VADOC's scoring system.  (Plaintiffs Score is Low!)

**CLAIM 3:**

27. Plaintiff alleges and incorporates by reference paragraphs 28 - 29.

28. On Tuesday, May 26, 2020, the Plaintiff don't recall seeing anyone disinfecting the common-area of J4 nor did he see any hand-sanitizer, soap, disinfectant or paper towels to wash and dry his hands visible. Management did not provide adequate hygiene, safety and sanitation practices on this day.

29. On Tuesday, May 26, 2020, Defendants John Doe SUP # 1 and John A. Woodson, acted with deliberate indifference to the Plaintiff's serious medical needs by not ensuring that adequate hygiene and sanitation supplies were present or that a worker was posted near the gate to disinfect the area prior to prisoners coming to J4 for their parole examination. The Defendants violated the Plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution. C/O Ms. F. Carr was the officer at the post who the Plaintiff contracted the coronavirus from.

**CLAIM 4:**

30. Plaintiff alleges and incorporates by reference paragraphs 31 - 32.

31. On Thursday, June 4, 2020, the Plaintiff was locked in his cell and was having breathing difficulties (Shortness of Breath) and he couldn't locate a floor officer to report his medical issue to.

32. On Thursday, June 4, 2020, Defendants, John Doe SUP # 2 and John A. Woodson, acted with deliberate indifference to Plaintiff's serious medical needs by being extremely "Short of Staff" to adequately check every person prior to them entering the facility and to adequately have security rounds done in a timely and reasonable manner violating Plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

**CLAIM 5:**

33. Plaintiff alleges and incorporates by reference paragraphs 34 - 35.

34. On Thursday, June 4, 2020, the Plaintiff had to end up asking an essential inmate worker to report his breathing condition to the C/O in N3/4 control booth so that he could be taken to be examined by a nurse or doctor. Plaintiff waited for over an hour and nobody came to check on him, so when the doors opened he went to the N3/4 control booth and knocked on the door. C/O

Ms. L. Woodson answered the door.

35. Defendant, C/O Ms. L. Woodson acted with deliberate indifference to Plaintiff's serious medical needs, failing to report his condition to her supervisor John Doe SUP # 2, interference with access to medical treatment, delay in providing medical care, delay of time in treating a serious medical condition states a prima facie case of deliberate indifference as well as making medical judgment by security staff constituted deliberate indifference and violated Plaintiff's rights, and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

**CLAIM 6:**

36. Plaintiff alleges and incorporates by reference paragraph 37.

37. On the morning of Thursday, June 4, 2020, Defendant, C/O Ms. L. Woodson told the Plaintiff that he had to wait in his cell and she would let him know when he could go [walk] to medical because nobody was in there now - they were all out on the compound passing out the morning medications. Ms. P. Bland's failure to provide medical coverage for medical emergencies showed deliberate indifference to Plaintiff's serious medical needs and violated Plaintiff's rights, and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

**CLAIM 7:**

38. Plaintiff alleges and incorporates by reference paragraph 39.

39. Defendant, John Doe T/O # 1 came to the Medical Department and escorted [walked] the Plaintiff to the back of the personal property department so the he could change into transportation clothes and be restrained and at this time Defendant, John Doe T/O # 1, acted with deliberate indifference to Plaintiff's health, safety and future health because he applied excessive use of unnecessary force using metal mechanical handcuffs and shackles with a black metal box, waist chain and lock which constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution because the handcuffs and shackles were too small and overly tight and the waist chain was too short and tight. The Defendant had knowledge and purposefully ignored it by saying only the BKCC doctor can change the restraint orders. "Two highly trained VADOC officers with loaded pistols and a bulletproof vest are assigned to each prisoner during transportation."

**CLAIM 8:**

40. Plaintiff alleges and incorporates by reference paragraph 41.

41. Defendant, Ms. P. Bland acted with deliberate indifference to Plaintiff's serious medical needs by allowing him with his breathing difficulty and knowing that his oxygen decreased with physical exertion and that the COVID-19 virus is a severe respiratory disease, to walk to the ambulance, violated Plaintiff's rights and constituted cruel and unusual punishment under the

Eighth Amendment of the United States Constitution.

**CLAIM 9:**

42. Plaintiff alleges and incorporates by reference paragraph 43.

43. Sometime between Thursday, June 4, 2020 and Saturday, June 6, 2020, flex-cuffs were attached to the Plaintiff's ankles  prior to him leaving Hospital Medicine and being transported to the ICU floor and kept there until he returned back to the Hospital Medicine floor which was approximately two months which amounted to excessive use of force, even though there were always "two highly trained VADOC officers posted with him and each had a loaded pistol and were wearing a bulletproof vest," Defendant, John Doe # 14 was the Warden over the officers at the hospital and was responsible for the deliberate indifference to Plaintiff's serious medical needs and future health which violated Plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution. The Plaintiff was on life support and a ventilator and was nearly dead at this time.

**CLAIM 10:**

44. Plaintiff alleges and incorporates by reference paragraph 45 - 47.

45. At some point while the Plaintiff was housed in the ICU - between Saturday, June 20, 2020 and Monday, July 20, 2020, the Defendant, John Doe Nurse, a Caucasian male who had

been in the Air Force and worked on nightshift committed at least one assault against the Plaintiff injuring his top lip which amounted to deliberate indifference to Plaintiff's serious medical needs and violated Plaintiff's rights, and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

46. The Defendant roughly and repeatedly slid the metal device which held the suction tube in position at the corner of the Plaintiff's mouth, back and forth over his lip then smacked the Plaintiff's face repeatedly with a foam suction applicator that was used to swab medicine into the Plaintiff's mouth and he would ask the Plaintiff if he had something to say, knowing that the Plaintiff couldn't speak, eat or drink anything. The Plaintiff believes that Nurse Meagan or Nurse Alissa saw the injuries (scabs) on his lips when he was transferred back to the Hospital Medicine floor.

47. The Plaintiff suspected Defendant, John Doe Nurse was taking his medications because Defendant, John Doe Nurse would act suspiciously when handling the medicine.

**CLAIM 11:**

48. Plaintiff alleges and incorporates by reference paragraphs 49 - 50.

49. Defendant, John Doe # 14 acted with deliberate indifference to Plaintiff's serious medical needs and violated Plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

50. The Plaintiff remembers waking up from his near death experience with something sticking in his leg and his ankles were hurting, so the Plaintiff asked his nurse to remove the blankets and sheet to reveal what was hurting him. That is when they saw the overly tight plastic flex-cuffs and the excess that hadn't been cut off sticking into the Plaintiff's leg which amounted to excessive use of force which is a repeated example of VADOC C/Os dangerous and reckless acts.

**CLAIM 12:**

51. Plaintiff alleges and incorporates by reference paragraph 52.

52. Defendant, John Doe # 14 officers action of excessive use of force by leaving the Plaintiff flex-cuffed 24-7 for nearly two months while in the ICU and his hands were flex-cuffed at some point as well - which possibly caused the Plaintiff's acute nerve damage in his ankles and wrists because he had no nerve damage prior to the prolonged stay in the ICU because of the acute COVID-19 infection showed deliberate indifference to Plaintiff's serious medical needs and a disregard for his future health and safety which constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

**CLAIM 13:**

53. Plaintiff alleges and incorporates by reference paragraphs 54 - 56.

54. Defendants, John Doe I/P # 1 & John Doe I/P # 2 sometime between Saturday, July 25, 2020 and Friday, August 14, 2020, removed the Plaintiff's "Old and Loose" chest tube sutures and put new ones in without bringing any anesthetic (numbing medicine) to numb the site which showed deliberate indifference to Plaintiff's serious medical needs and violated Plaintiff's rights, and constituted assault and cruel and unusual punishment under the Eighth Amendment of the United States Constitution. The Defendants recklessness was something a layman would easily have known was wrong when causing the Plaintiff uncalled-for unnecessary pain and suffering.

55. It was at the end of the Defendants shift and John Doe I/P # 1 who acted as the trainer didn't want to return to the I.P. Department to get what was required to numb the area.

56. The Plaintiff even asked the Defendant, John Doe I/P # 1 if he could get what was required to numb the site from the his nurse and John Doe I/P # 1 answered and said that she wouldn't have what he needed but that the Plaintiff could push the call button after they leave and ask her for some pain medicine and tell her that the pain level is a ten.

CLAIM 14:

57. Plaintiff alleges and incorporates by reference paragraphs 58 - 60.

58. Defendants, John Doe T/O # 3 and John Doe T/O # 4 on Tuesday, September 1, 2020, came to transport the Plaintiff back to BKCC. They attached a pair of metal mechanical shackles to the Plaintiff's ankles and a pair of metal mechanical handcuffs to his wrists with a black metal

box, waist chain and padlock.

59. The Plaintiff explained to the Defendants that he has nerve damage around both ankles and wrists and the metal mechanical restraints were irritating and hurtful but they both purposefully ignored the Plaintiff's complaint which amounted to excessive use of force and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

60. On the way back to the facility, the Plaintiff complained to John Doe EMT # 2 that he has nerve damage in his extremities and limbs including his ankles and wrists and that the overly tight handcuffs were cutting into both of his wrists and the waist chain was too short and too tight. John Doe EMT # 2 told John Doe T/O # 3 but nothing was done which shows the Court a repeated example of reckless acts by the BKCC Defendants.

**CLAIM 15:**

61. Plaintiff alleges and incorporates by reference paragraph 62.

62. Defendant, John Doe # 14 acted with deliberate indifference to the Plaintiff's right to telephone access from Thursday, June 4, 2020 to Tuesday, September 1, 2020, and violated Plaintiff's right to communicate, right to counsel, intimate association, or to have any contact with clergy, family or friends and violated Plaintiff's rights under the First Amendment of the United States Constitution.

**CLAIM 16:**

63. Plaintiff alleges and incorporates by reference paragraph 64.

64. Defendant, John Doe # 14 acted with deliberate indifference to the Plaintiff's right to send or receive U.S. Mail from Thursday, June 4, 2020 to Tuesday, September 1, 2020, and violated Plaintiff's right to communicate, right to counsel, intimate association, or to have any contact with clergy, family or friends and violated Plaintiff's rights under the First Amendment of the United States Constitution.

**CLAIM 17:**

65. Plaintiff alleges and incorporates by reference paragraph 66.

66. Defendants, John Doe SUP # 1 and John A. Woodson acted with deliberate indifference and recklessness in not reading C/O Ms. F. Carr's "Daily Log Book" after finding out that she had tested positive for the deadly COVID-19 virus and seeking who she had contact with and getting them tested constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution and showed the Plaintiff that his health or life didn't matter to them enough to protect him. They failed to protect him from the deadly coronavirus or to see that he received medical assistance sooner than what he did which could have made his condition less severe.

CLAIM 18:

67. The Plaintiff alleges and incorporates by reference paragraphs 68 - 70.

68. Defendants, John Doe T/O # 5, John Doe T/O # 6 and John Doe SUP # 5 on Thursday, September 3, 2020, arrived at the BKCC medical isolation room where the Plaintiff was being housed with John Doe EMT # 3 and Jane Doe EMT # 3 and advised him that he was being transferred.

69. Defendants, John Doe T/O # 5 and John Doe T/O # 6, attached a pair of metal mechanical shackles to the Plaintiff's ankles and a pair of metal mechanical handcuffs to his wrists, a black metal box, waist chain and padlock while John Doe SUP # 5, John Doe EMT # 3 and Jane Doe EMT # 3 observed.

70. Shortly thereafter in route to the ambulance while waiting at the front entrance of BKCC the small overly tight handcuffs and shackles started burning and swelling causing the Plaintiff pain and suffering so he reported it to John Doe T/O # 5, John Doe T/O # 6, and to John Doe SUP # 5, within earshot of John Doe EMT # 3 and Jane Doe EMT # 3 but all purposefully ignored the Plaintiff's complaints leaving him to endure a 3 hour ride in pain. This was an excessive use of force which caused the Plaintiff uncalled-for pain and suffering which constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution. He advised them about his nerve damage but they ignored him.

CLAIM 19:

71. The Plaintiff alleges and incorporates by reference paragraph 72.

72. Defendant, John Doe T/O # 5 acted with deliberate indifference to Plaintiff's serious need to urinate because of the medication (Furosemide/Lasix) he is prescribed to help get the excess fluid out of his body and it being a three (3) hour ride and the Plaintiff urinated on himself but was ashamed and embarrassed to tell anyone constituted dehumanizing, humiliating and uncomfortable conditions for the Plaintiff and cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

CLAIM 20:

73. The Plaintiff alleges and incorporates by reference paragraphs 74 - 75.

74. Defendants, John Doe T/O # 7 and Jane Doe T/O # 1 arrived at Bon Secours Health Center on Friday, November 13, 2020, after the evening meal to pick the Plaintiff up and transport him back to BKCC.

75. Defendants, John Doe T/O # 7 and Jane Doe T/O # 1 attached the metal mechanical shackles and handcuffs to the Plaintiff with a black box, waist chain and padlock and the Plaintiff complained about the overly tight handcuffs cutting into his wrists and ankles and about

the waist chain being too short and too tight but his complaints were purposefully ignored which was excessive use of force even after he told them that he had nerve damage in his ankles and wrists violating Plaintiff's rights, and constituting cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

## CLAIM 21:

76. The Plaintiff alleges and incorporates by reference paragraph 77.

77. Defendants, John Doe T/O # 7 and Jane Doe T/O # 1 were the ones transporting the Plaintiff back to BKCC when he urinated on his clothes again because he couldn't hold it. He was given his medicine by the nurse at the hospital. Had he known that he was being transferred that evening, he wouldn't have taken the medicine for the three (3) hour ride back to BKCC. He told no one because of the embarrassment which was dehumanizing, humiliating, uncomfortable and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

## CLAIM 22:

78. The Plaintiff alleges and incorporates by reference paragraph 79.

79. Defendant, Paul C. Ohai who is the medical Doctor at BKCC and his deliberate indifference to Plaintiff's serious medical needs and his denial of the Pulseox to monitor the Plaintiff's oxygen level in his blood when exerting energy when his physical therapists at both

hospitals advised the Plaintiff to ask for a Pulseox at the facility he will be housed in - because his body doesn't tell him when his oxygen is low, so the Pulseox will alert the Plaintiff. His deliberate indifference violated the Plaintiff's rights, and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution. Not having the Pulseox to alert the Plaintiff to stop and rest to allow the oxygen in his blood to regulate itself could severely affect the Plaintiff's brain and heart.

**CLAIM 23:**

80. The Plaintiff alleges and incorporates by reference paragraph 81.

81. Defendant, Tammy Williams acted with deliberate indifference to the right to telephone access from Thursday, September 3, 2020 to Friday, November 13, 2020, and violated Plaintiff's right to communicate, right to counsel, intimate association, or to have any contact with clergy, family or friends and violated Plaintiff's rights under the First Amendment of the United States Constitution.

**CLAIM 24:**

82. The Plaintiff alleges and incorporates by reference paragraph 83.

83. Defendant, Tammy Williams acted with deliberate indifference to the Plaintiff's bodily privacy rights which were violated by the Defendant's staff while the Plaintiff was housed at Bon

Secours Health System - VADOC's Secure Medical Unit from Thursday, September 3, 2020 to Friday, November 13, 2020. Both male and female C/Os monitored the cameras 24-7 who were viewing Plaintiff's hospital room, shower entrance and toilet in the shower room where Plaintiff was nude entering and exiting the shower daily which violated his rights to bodily privacy or what was being done with the recording because it was done without reasonable or penological justification violating Plaintiff's rights under the Fourth Amendment of the United States Constitution.

**CLAIM 25:**

84. The Plaintiff alleges and incorporates by reference paragraphs 85 - 87.

85. Defendants, John Doe T/O # 8 and John Doe T/O # 9 used excessive force on Friday, January 29, 2021, and violated the Plaintiff's rights, and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

86. Defendants applied overly tight metal mechanical shackles and metal mechanical handcuffs, a black metal box, waist chain and padlock on the Plaintiff to prepare him to be transported to the MCV/VCU Hospital for an echocardiogram.

87. The Plaintiff complained to both John Doe T/O # 8 and John Doe T/O # 9 about the overly tight handcuffs and waist chain being too short and too tight and in addition he advised them of his nerve damage in his ankles and wrists which they purposefully ignored.

**CLAIM 26:**

88. The Plaintiff alleges and incorporates by reference paragraphs 89 - 91.

89. Defendants, John Doe T/O # 10 and John Doe T/O # 11 used excessive force on Thursday, February 4, 2021, and violated Plaintiff's rights, and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

90. Defendants applied overly tight metal mechanical shackles and metal mechanical handcuffs, a black metal box, waist chain and padlock on the Plaintiff to prepare him to be transported to the MCV/VCU Hospital for a CT scan.

91. The Plaintiff complained to both John Doe T/O # 10 and John Doe T/O # 11 about the overly tight handcuffs and waist chain being too short and too tight and of his nerve damage in his ankles and wrists which they purposefully ignored.

**CLAIM 27:**

92. The Plaintiff alleges and incorporates by reference paragraphs 93 - 94.

93. Defendants, John Doe T/O # 12 and John Doe T/O # 13 used excessive force on Thursday, March 4, 2021, and violated Plaintiff's rights, and constituted cruel and unusual

punishment under the Eighth Amendment of the United States Constitution.

94. The Defendants placed overly tight metal mechanical shackles on the Plaintiff's ankles which were too tight and left a permanent scar on his ankles. This was done when they were preparing the Plaintiff to be transported to the MCV/VCU Hospital for a Breathing Test. The Plaintiff purchased picture tickets and the Recreation Supervisor, Mr. Toney who is in charge of taking the photographs refused and the Plaintiff attempted to have the medical department take the photographs but Investigator, Mr. Brown advised them (according to BKCC Nurse Ms. Starkey, R.N.) not to take any photographs. Then the Plaintiff attempted to get photographs of his injuries taken from BKCC Investigator, Mr. Brown, but he said that they don't do that.

**CLAIM 28:**

95. The Plaintiff alleges and incorporates by reference paragraph 96.

96. On Thursday, April 29, 2021, a new nurse practitioner here at BKCC told the Plaintiff that she was going to change his current medication because it is not relieving him from his 24-7 nerve pain which includes burning, tingling, numbness, and coldness and she also told the Plaintiff that VADOC Defendant, Harold W. Clarke has limits on what medications can be provided to prisoners which shows deliberate indifference to the Plaintiff's serious medical needs violating Plaintiff's rights which constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

**CLAIM 29:**

97. The Plaintiff alleges and incorporates by reference paragraph 98.

98. Defendants, Harold W. Clarke and John A. Woodson acted with deliberate indifference when they had actual knowledge that BKCC was designed and built to house one inmate per cell and 32 inmates per pod and the CDC called for people to social distance at six feet apart and in a cell environment it can't be done without cutting the population in half and single celling - but Defendants, Ralph S. Northam, Brian J. Moran, and Harold W. Clarke didn't decrease the population from each VADOC prison like they agreed to do in the ACLU Settlement Agreement in the U.S. District Court for the Eastern District of Virginia - Richmond Division - Brooke Whorley, et al., v. Ralph S. Northam, et. al. Civil No. 3:20cv255 (DJN), which was deliberate indifference to Plaintiff's serious medical needs violating Plaintiff's rights, and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution. These actions subjected the Plaintiff to unsafe conditions and caused the Plaintiff to contract COVID-19 and suffer life-threatening injury and permanent injury to his vital organs spending approximately two (2) months in the ICU.

**CLAIM 30:**

99. The Plaintiff alleges and incorporates by reference paragraphs 100 - 101.

100. Defendant, Paul C. Ohai, and his refusal to order a larger size handcuffs or flex cuffs, shackles, and waist chain showed deliberate indifference to Plaintiff's serious medical needs and

violated Plaintiff's rights, and constituted cruel and unusual punishment under the Eighth

Amendment of the United States Constitution.

101. Defendant, Paul C. Ohai had actual knowledge that the Plaintiff has nerve damage

around both of his ankles and wrists and he did not respond reasonably by declining the request

"due to security reasons," which leaves the Plaintiff to continue to suffer needlessly to

unnecessary pain and suffering every time he is transported outside of the facility which has been

three times since Dr. Ohai's response. Seven times to date and it was all due to the acute

coronavirus the Plaintiff contracted from a BKCC C/O and she told him this.

**CLAIM 31:**

102. The Plaintiff alleges and incorporates by reference paragraph 103.

103. Defendant, John A. Woodson violated the Plaintiff's rights to due process because he

was terminated from his VCE Metal Furniture Shop job on Thursday, June 4, 2020, on the same

day that he was transported to MCV/VCU Hospital for an acute COVID-19 infection which had

him fighting for his life thus violating Plaintiff's Fourteenth Amendment of the United States

Constitution.

**CLAIM 32:**

104. The Plaintiff alleges and incorporates by reference paragraph 105.

105. Defendants failure to protect the Plaintiff from the deadly COVID-19 virus has rendered him with permanent injuries that has limited his future ability to work and should be compensated while incarcerated with a minimum of top pay and hours per month and upon release with a comfortable, livable wage per month. It is a cheap price to pay for a lung and for leaving the Plaintiff where he can't do any activities which causes exertion. The Plaintiff alleges that the Defendants had actual knowledge and did not respond reasonable to the risk.

**CLAIM 33:**

106. The Plaintiff alleges and incorporates by reference paragraph 107.

107. Defendant, Paul C. Ohai's deliberate indifference to Plaintiff's serious medical needs by not sending him for specialized Post-COVID-19 screenings and a care/treatment plan violated Plaintiff's rights, and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution. The Plaintiff could get the adequate Post-COVID-19 treatment and medication he requires if he was released into the free world.

**CLAIM 34:**

108. The Plaintiff alleges and incorporates by reference paragraph 109.

109. On 4/18/21, the Plaintiff wrote a Written Complaint concerning the laundry department using only COLD WATER to wash inmates clothing items during the pandemic. The Plaintiff believes that the laundry officer and their staff recklessly disregarded the Plaintiff's health, well-being and life. This violated the Plaintiff's rights and shows deliberate indifference to his serious medical needs.

CLAIM 35:

110. The Plaintiff alleges and incorporates by reference paragraph 111.

111. On 6/16/21, the Plaintiff states that there are "no" adjustable valves to turn the cold and hot water on and off in the showers at BKCC. They were removed while the Plaintiff was there. There is no air conditioning in the BKCC inmate living areas, so in those hot dreary months, the Plaintiff is forced to take a hot or warm shower and no option to cool the water and his body temperature prior to exiting the shower. Hot water is also used for hygienic purposes and for cleaning purposes. Currently, the water is not at a set temperature each time and each shower varies. This shows deliberate indifference to the Plaintiff's serious medical needs and violates his rights.

CLAIM 36:

112. The Plaintiff alleges and incorporates by reference paragraph 113.

113. On 6/16/21, the Plaintiff states that BKCC Food Service overuses starches to make up for calorie deficiencies. The meals being served are not nutritionally adequate to maintain health. Most meals being served are unappetizing, bland, are without flavor, unpalatable, and most of the time inedible. Deprivation of adequate meals is a form of corporal punishment. Many of the foods being served are not FDA approved nor can they be distributed to the general public. These poor quality meals are extremely unhealthy for the Plaintiff as well as for the many other aging men and women in VADOC prisons. Also, these neglectful meals are enticing many to spend their money and their family's money in the overpriced, unhealthy, for profit commissary which sells hardly any healthy items, it contains mostly sodas, cookies, chips, candies, and cakes. Most items are loaded with sodium which is why so many prisoners have high blood pressure (hypertension).

*Exhaustion of Administrative Remedies*

114. The Plaintiff has exhausted his administrative remedies with respect to all claims and all defendants to the best of his knowledge and belief.

*Prayer For Relief*

WHEREFORE, the Plaintiff respectfully prays that this Court enter judgment to GRANT the Plaintiff the following relief:

A.) Issue a DECLARATORY JUDGMENT stating that:

1. The Defendants failure to expediently release the Plaintiff on Regular Parole has subjected and continues to subject him to unsafe conditions, no adequate medical treatment or medications violating his rights under the First, Eighth and Fourteenth Amendments (among others and acts).

B.) Issue an INJUNCTION ordering Defendants Ralph S. Northam and Brian J. Moran to:

1. Use every measure within their authority, executive powers, including but not limited to expedite Parole Grants and Conditional Pardons, implementing a policy, to release this Plaintiff on early release and not just a narrow un-discriminated class that would make no significant impact on the overcrowding in Virginia's prison population, in efforts to create a safer condition of confinement due to the COVID-19 virus or any other variants, viruses, diseases or unconditional conditions.

2. Instruct the Virginia Parole Board (VPB) to GRANT a Parole Release to Plaintiff based on the merits he has achieved while incarcerated, his post-release plans, and the trauma he has

suffered and endured this past year and the fact that he is now permanently disabled. He has been incarcerated for over a quarter of a century (nearly three decades).

C.) Issue an INJUNCTION ordering Defendant Harold W. Clarke to:

1. Instruct Wardens at each VADOC facility to order their Maintenance Department to install Cold and Hot water valves in each shower that inmates use.

2. Instruct the VADOC Food Service Dietician to implement better healthier meals for inmates and staff. Seek the Food Service Manager's assistance from:
Southampton Memorial Hospital (Bon Secours Health System)
100 Fairview Drive
Franklin, VA 23851

Virginia inmates would like to also receive morning, afternoon and evening snacks like provided at this hospital for all of its patients.

3. Instruct BKCC Doctor Paul C. Ohai to provide the Plaintiff a watch-style pulseox to wear for continuous monitoring of his blood oxygen level until he is released from the VADOC.

4. Instruct all VADOC Wardens at Augusta, Buckingham and Nottoway Correctional Centers to return to single man cells with no more than 32 inmates per pod. Also, do the same for any other older facilities designed to house only one inmate per cell.

5. Instruct the BKCC Warden to provide the Plaintiff with two fans (1 that was stolen from him when his property was packed while he was in the hospital and 1 to help survive the sweltering heat and replace as needed) until he is released from the VADOC.

6. Instruct the BKCC Warden to provide the Plaintiff with 4 Gessoed Boards (3 that were stolen from him plus 1 when his property was packed while he was in the hospital) until he is released from the VADOC.

7. Instruct a policy to be written allowing each VADOC inmate to purchase or have purchased from a well-known vendor a new or used laptop computer. The inmate will also be permitted to order new or used software to be installed onto their laptop computer for educational purposes. These laptops can be retained by the inmates at all times. The Plaintiff has attempted to get VADOC to allow this for years. Correctional facilities should be permitted these items. Each laptop computer shall have Microsoft Office preprogrammed on them. Inmates should be encouraged to learn this business software.

8. Instruct the BKCC Warden to provide the Plaintiff with unlimited use of a laptop computer equipped with Microsoft Word inside of his cell 24-7 so that he can prepare legal and educational documents to be better prepare documents to be used for his nonprofit H.O.P.E. "Helping Offenders                who are Parole Eligible" IN VIRGINIA. He shall also be provided with a source to print said documents. VADOC can recover a printing cost of ¢.10 per page if need be.

9. Instruct VCE to provide the Plaintiff with a laptop computer with Microsoft Office, AutoCAD and the ability to view and design PDF Files. Then pay him ¢.80 x 50 hours weekly to review drawings and codes to ensure they are correct from inside his single cell.

10. Instruct the BKCC Medical Department to send me to a COVID-19 Post-Care Specialist. I'm waiting to have a sleep study, cardiologist and pulmonary visit, and I'm not sure if any has been scheduled. I can continue going for treatment once I'm released plus I can get medication to relieve my Post-COVID-19 nerve pain. I need to be seen to get medication to slow the spreading of the scars on my lungs. Nobody has discussed it with me.

11. Instruct BKCC Warden to have me moved into the A1 Honor Housing Unit as soon as possible with the VCE job and pay or one equivalent.

12. Instruct VADOC Wardens to order their laundry supervisors to use hot water to launder all items if recommended by the CDC and Health Department.

13. Instruct BKCC Warden to order Defendant, C/O Ms. L. Woodson to either retire or no longer be posted where she is in control of inmates' well-being.

D.) Award COMPENSATORY DAMAGES in the following amounts:

1. $1,000,000 from each Defendant Ralph S. Northam, Brian J. Moran, Harold W. Clarke,

plus future medical bills divided between each. For all of the injuries the Plaintiff sustained stemming from the contracting of the COVID-19 virus, the emotional, mental anguish, psychological and physical injuries including the permanent disability of breathing and his limited work ability, nightmares, loss of job, lost future wages, special housing assignments, and the pain and suffering caused by their staff, etc.

2. $50,000 from each Defendant John Doe I/P # 1 and John Doe I/P # 2, for the unnecessary pain caused to the Plaintiff by them while removing sutures and inserting new sutures without any anesthetic (numbing medicine). The Plaintiff still has nightmares from their treatment.

3. $50,000 from each Defendant James Parks, John A. Woodson, Paul C. Ohai, Tammy Williams, and John Doe # 14 for allowing or violating the Plaintiff's rights.

4. $50,000 from each Defendant Paul C. Ohai, M.D., C/O Ms. L. Woodson, and Ms. P. Bland for their actions/inactions which violated the Plaintiff's rights.

5. $25,000 from each BKCC John and Jane Doe T/Os #s 1-13 for the injury sustained to the Plaintiff from the small excessively tight metal mechanical handcuffing, shackling and use of a short, tight waist chain with an improper or undisclosed motive with excessive force from each Defendant.

6. $25,000 from John Doe SUP #s 1-9, Jane Doe T/O # 1, for the injuries allowed to be caused to the Plaintiff.

7. $25,000 from John Doe Nurse, for the injuries and trauma caused to the Plaintiff.

E.) Award PUNITIVE DAMAGES in the following amount from each of the Defendants for their reckless indifference to the Plaintiff's rights, their ill will, and desire to injure:

1. $100,000 against each Defendant Ralph S. Northam, Brain J. Moran, Harold W. Clarke, James Parks, John A. Woodson, Tammy Williams, and John Doe # 14.

2. $50,000 against each Defendant Paul C. Ohai, John Doe Nurse, John Doe I/P # 1, John Doe I/P # 2 and Ms. P. Bland, R.N.

3. $25,000 against each Defendant John Doe SUP #s 1-9.

4. $20,000 against each Defendant John Doe T/O #s 1-13, Jane Doe T/O # 1, C/O Ms. L. Woodson, and Ms. P. Bland, R.N.

F.) May the Court please order:

1. Defendants, Harold W. Clarke, Tammy Williams and John Doe # 14 to ensure that each inmate patient at their Secure Medical Unit's have daily access to the same services they would have if they were housed in a VADOC prison if housed there 48 hours or longer, such as VADOC Forms, Complaint/Grievance System, Telephone Service, Secure Messaging, U.S.

Mail, Kiosk or (similar movable system) for downloading music each has purchased from a VADOC for-profit vendor.

2. Defendants, Harold W. Clarke and John Doe # 14 to provide each inmate patient housed in the Secure Medical Unit inside VCU Hospital access to a functional shower where the water does not go all out in the room causing a slip/fall hazard.

3. Defendant, Harold W. Clarke to bring the prison system into this computer age by having all forms used by its inmates on a real time WiFi 24-7 server system.

4. Defendant, Harold W. Clarke to "only" transport the Plaintiff with soft restraints and keep loose enough for him to use the urinal jug during transportation if necessary.

G.) The Plaintiff has and continues to suffer with actual physical and psychological injuries. The officials responsible should pay him for his lost wages, for the value of his physical functioning which cannot be replaced or restored, and his pain and suffering. He would like his freedom so that he can try to get back to the condition he was or as close as possible. He has lost wages which is an ongoing process, lost a good housing assignment, will have future medical expenses and has had his life permanently affected. He has suffered daily from his COVID-19 injuries and will be suffering for the rest of his life physically and psychologically.

H.) Adjust any compensatory and/or punitive damages as needed and GRANT any other relief as this Court may deem just and fair to this Plaintiff, and to his witnesses, Ms. F. Carr and

to the John Doe EMTs and Jane Doe EMTs or whatever this Court deems each should be entitled.

I.) May the Court please GRANT costs and attorney fees against the Defendants for violating the Plaintiff's constitutional rights.

J.) Since the Plaintiff can no longer hold down a regular job, help get enough money to share with the victims who have suffered from his crime, enough to adequately cover future medical expenses which could be millions of dollars if he requires a lung transplant plus, he wants to get his nonprofit organization H.O.P.E. "Helping Offenders who are Parole Eligible" IN VIRGINIA Project up and running with at least one hundred acres of land in a secluded area and housing for at least 50 to 100 parolees and funding for operational costs and the Plaintiff's cost of living.

The Plaintiff, Charles E. Zellers, Sr., states that he is the Plaintiff in this action and he knows the content of the above complaint and that it is true of his own knowledge, except as to those matters that are stated to be based on information and belief and as to those matters, he believes them to be true. He further states that he believes the factual assertions are sufficient to support a claim of violation of constitutional rights. According to 28 U.S.C. § 1746, the Plaintiff declares under penalty of perjury the foregoing to be true and correct to his personal knowledge and belief.

Respectfully submitted,

*Charles E. Zellers, Sr.*

Charles E. Zellers, Sr., pro se

*July 2, 2021*

Dated